JUDGE SWAIN  12 CIV 5783



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JEFFREY FARES,

                              Plaintiff,

                            -against-

CITY OF NEW YORK; Inspector Anthony Holmes, Shield No. 1134; Officer C. George, Shield No. 1231; NEW YORK CITY TAXI AND LIMOUSINE COMMISSION ("TLC"); New York City Police Officers JOHN and JANE DOES 1 through 10, individually and in their official capacities; and TLC Police Officers JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------ x

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Jeffrey Fares ("plaintiff" or "Mr. Fares") is a resident of New York County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the TLC, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of TLC police officers and supervisory TLC police officers, including the individually named defendants herein.

10. Defendant Inspector Anthony Holmes, Shield No. 1134 ("Holmes"), at all times relevant herein, was an officer, employee and agent of the TLC. Defendant Holmes is sued in his individual and official capacities.

11. Defendant Officer C. George, Shield No. 1231 ("George"), at all times relevant herein, was an officer, employee and agent of the TLC. Defendant George is sued in his individual and official capacities.

12. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

13. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the TLC. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

14. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

15. At approximately 11:30 p.m. on May 16, 2012, plaintiff was lawfully in the vicinity of 46th Street and Sixth Avenue in New York, New York.

16. Plaintiff was attempting to stop his vehicle at the abovementioned location when an unknown woman got into his car for, upon information and belief, purposes of paying for a ride.

17. Plaintiff was not operating a for-hire vehicle at the abovementioned time.

18. Plaintiff advised the unknown woman that he was not operating a for-hire vehicle and she got out of his vehicle with no incident.

19. TLC officers approached plaintiff's vehicle.

20. The TLC officers demanded plaintiff's driver's license despite being advised by him that he was not operating as a for-hire driver and that he had asked the abovementioned woman to exit his vehicle for that very reason.

21. Plaintiff asked why defendants required his driver's license when he had done nothing wrong.

22. Defendant TLC officers violently ripped plaintiff from his vehicle.

23. TLC officers battered and assaulted plaintiff.

24. Plaintiff begged onlookers to call 911.

25. NYPD officers arrived onto the scene and refused to intervene in the violation of plaintiff's rights.

26. With no probable cause, defendant officers arrested and handcuffed plaintiff.

27. EMS arrived and plaintiff was taken to Bellevue, in handcuffs, for treatment of the injuries he sustained as a result of defendants' beating.

28. TLC officers dragged plaintiff from the ambulance into Bellevue Hospital.

29. TLC officers issued plaintiff a summons for the unlicensed operation of a for-hire vehicle.

30. Plaintiff was eventually taken to a police precinct.

31. Plaintiff was taken to Manhattan Central Booking.

32. The officers falsely informed employees of the Manhattan County District Attorney's Office that they had observed plaintiff obstructing governmental administration and disorderly conduct.

33. The officers had not observed plaintiff engaging in disorderly conducting or obstructing governmental administration.

34. At arraignment, the criminal charges against plaintiff were adjourned in contemplation of dismissal.

35. After spending approximately 24 hours in custody, plaintiff was released.

36. On or about May 23, 2012, a TLC Tribunal dismissed all charges against plaintiff for alleged unlicensed operation of a for-hire vehicle.

37. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's office at 1

Centre Street, New York, New York.

38. On or about July 25, 2012, plaintiff submitted to an oral examination pursuant to §50-h of the General Municipal Law.

39. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

40. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

41. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

45.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46.   Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

47.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

48.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49.   By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

50.   Plaintiff was conscious of his confinement.

51.   Plaintiff did not consent to his confinement.

52.   Plaintiff's confinement was not otherwise privileged.

53.   Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

54. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### FOURTH CLAIM
**Unreasonable Force**

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

57. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FIFTH CLAIM
**State Law Assault and Battery**

58. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

60. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

61. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Failure to Intervene

62. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

64. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

65. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

    (a) Compensatory damages against all defendants, jointly and severally;

    (b) Punitive damages against the individual defendants, jointly and severally;

    (c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

    (d) Such other and further relief as this Court deems just and proper.


DATED:    July 26, 2012
               New York, New York

                                  HARVIS MARINELLI
                                  SALEEM & WRIGHT LLP

                                  _____
                                  Robert Marinelli
                                  305 Broadway, 14th Floor
                                  New York, New York 10007
                                  (212) 323-6880
                                  rmarinelli@hmswlaw.com

                                  *Attorney for plaintiff*