```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-2-13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY FARES,

          Plaintiff,

CITY OF NEW YORK, et al.,

          Defendants.

REPORT & RECOMMENDATION

12 Civ. 5783 (ER) (RLE)

**To the HONORABLE EDGARDO RAMOS, United States District Judge:**

## I. INTRODUCTION

On July 27, 2012, Plaintiff Jeffrey Fares ("Fares") filed this action pursuant to 42 U.S.C. § 1983 against the City of New York, the New York City Taxi and Limousine Commission, and various individual members of the New York Police Department (collectively, "Defendants"), alleging, *inter alia*, unlawful stop and search, false arrest, excessive force, and failure to intervene. Before the Court is Defendants' motion to dismiss Fares's lawsuit for failure to prosecute. For the reasons stated below, the Court recommends that the case be **DISMISSED WITHOUT PREJUDICE**.

## II. BACKGROUND

On August 8, 2012, Afsaan Saleem ("Saleem"), counsel at Harvis Wright Saleem & Fett LLP, entered a Notice of Appearance on behalf of Fares. Saleem subsequently took a leave of absence and his colleague Baree Fett ("Fett") assumed the role of lead counsel. On July 16, 2013, Fett submitted a request to withdraw the firm as attorneys of record. Fett represented that, since March 14, 2013, her firm has been unable to communicate with Fares, despite multiple attempts. On August 23, 2013, this Court held a telephone conference to discuss Fett's application to withdraw. On September 18, 2013, the Court issued an Order granting the

application and directing Fares to show cause by October 4, 2013, why his case should not be dismissed for failure to prosecute. Fares did not respond. On October 28, the Court received two additional addresses for Fares. The Court therefore reissued its Order to Show Cause, using the new addresses, and directing Fares to contact the Court by November 12, 2013. The Court stated that Fares's failure to respond would result in dismissal for failure to prosecute. A review of the record indicates that to date Fares has not contacted the Court.

### III. DISCUSSION

The district court has discretion to dismiss cases for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). *Lukensow v. Harley Cars of New York*, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) (*citing Harding v. Fed. Reserve Bank of New York*, 707 F.2d 46 (2d Cir. 1983)). "A District Court may, *sua sponte,* dismiss an action for lack of prosecution." *Id.* (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)). The Second Circuit, however, has added a caveat to this discretionary power, cautioning that dismissal under Rule 41(b) "is a harsh remedy and is appropriate only in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (*citing Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)). Dismissal should be determined in "light of the whole record." *Lucas*, 84 F.3d at 535. The Second Circuit has further advised district courts to "be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant." *Id.* (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).

Accordingly, the Second Circuit has established factors to be considered in determining whether a *pro se* litigant's case should be dismissed for lack of prosecution under Rule 41(b) as follows: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the

defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas*, 84 F.3d at 535 (citing *Jackson v. City of N.Y.*, 22 F.3d 71, 74-76 (2d Cir. 1994) and *Alvarez*, 839 F.2d at 932).

In the instant case, Fares's counsel was unable to communicate with him for more than six months. Although Fares was twice ordered to contact the Court, he has not done so. Further delay of the proceedings would prejudice Defendants, and would unnecessarily impact on the Court's docket. The Court finds that dismissal without prejudice under 41(b) is warranted.

## IV. CONCLUSION

Because Fares has failed to pursue his claim, and because he failed to comply with the Court's orders despite warning of dismissal, I recommend that the above-entitled action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Edgardo Ramos, 40 Foley Square, Room 619, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ.

3

P. 72, 6(a), 6(d).

**DATED: November 27, 2013**
**New York, New York**

Respectfully Submitted,

*[signature]*

The Honorable Ronald L. Ellis
United States Magistrate Judge

Copies of this Report & Recommendation were sent to:
*Pro se* Plaintiff:
Jeffrey Fares
3014 21st Street, #2
Astoria, NY 11102

Jeffrey Fares
P.O. Box 145
New York, NY 10028